```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                            CRIMINAL ACTION NO. 2:08-00214

DEREK RANKIN

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On December 15, 2014, the United States of America appeared by Timothy D. Boggess, Assistant United States Attorney, and the defendant, Derek Rankin, appeared in person and by his counsel, George H. Lancaster, Jr., Assistant Federal Public Defender, for a hearing on the petition on supervised release and amendment thereto submitted by United States Probation Officer Douglas W. Smith.  The defendant commenced a three-year term of supervised release in this action on February 7, 2014, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on May 4, 2009.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant committed the state offense of shoplifting for which he was arrested on July 15, 2014, as evidenced by his stipulation on the record of the hearing that the government possesses sufficient proof to prove the offense by a preponderance of the evidence; (2) the defendant used and possessed controlled substances as evidenced by his admission to the probation officer on March 6, 2014, that he had used Percocet without a valid prescription on March 2, 2014; a positive urine specimen submitted by him on April 16, 2014, for oxycodone, the defendant having admitted that same date that he had used Percocet without a valid prescription on April 14, 2014; a positive urine specimen submitted by him on May 20, 2014 for morphine; his admission to the probation officer on June 17, 2014 that he was nasally ingesting 90 milligram tablets of morphine without a valid prescription on a daily basis for the previous month, with his last use on June 16, 2014; a positive urine specimen submitted by him on June 23, 2014, for morphine, oxycodone and

oxymorphone, the defendant having that same date admitted to the probation officer that he had nasally ingested Roxicodone on June 21, 2014, and nasally ingested morphine on June 22, 2014; a positive urine specimen submitted by him on July 24, 2014, for amphetamine, morphine and oxycodone, the defendant having admitted to the probation officer that same date that he had intravenously used heroin and nasally ingested Adderall on July 23, 2014, and that he had intravenously used Roxicodone on July 22, 2014; his admission to the probation officer on July 23, 2014, that he had nasally ingested two 30 milligram Roxicodone tablets and also used morphine, both without a valid prescription and his admission on July 20, 2014, that he had intravenously used Roxicodone without a valid prescription on July 20, 2014; and a positive urine specimen submitted by him on November 10, 2014, positive for opiates, cocaine, oxycodone and amphetamines, the defendant having admitted to the probation officer that same date that he had intravenously used cocaine, heroin and Roxicodone without a valid prescription on November 8, 2014, at which time he also admitted to nasally ingesting Adderall without a valid prescription; (3) the defendant failed to report his July 15, 2014, arrest for shoplifting to the probation officer; (4) the defendant failed to report for urine

3

screens as directed on May 16, June 13, July 11, August 11 and 13, and September 3, 2014; (5) the defendant failed to attend outpatient counseling as directed by the probation officer; (6) the defendant failed to participate in a detoxification treatment program as directed by the probation officer and as more fully set forth in the petition; all as admitted by the defendant on the record of the hearing, except for (1) as noted above, and as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the

defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of SEVENTY-TWO (72) DAYS, to be followed by a term of thirty-three (33) months of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special condition that he participate in the detoxification program at Prestera/Pinecrest in Barboursville, West Virginia, as prescribed by the program, for at least four weeks. The defendant shall be transported by a family member directly from his place of incarceration to Prestera/Pinecrest. The defendant shall be released from his place of incarceration by 8:00 a.m. on January 20, 2014, in order to report to Prestera/Pinecrest by 11:00 a.m. Once the defendant is released from Prestera/Pinecrest he shall be transported by a family member directly to Dismas Charities in St. Albans where he shall reside for a period of six (6) months and participate in substance abuse counsel and treatment, as well as mental health treatment as directed by the probation officer.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: December 19, 2014

John T. Copenhaver, Jr.
United States District Judge