```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:08-00214

**DEREK RANKIN**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On November 10, 2015, the United States of America appeared by Jennifer Rada Herrald, Assistant United States Attorney, and the defendant, Derek Rankin, appeared in person and by his counsel, George H. Lancaster, Jr., Assistant Federal Public Defender, for a hearing on the petition on supervised release and amendment thereto submitted by United States Probation Officer Douglas W. Smith.  The defendant commenced a thirty-three month term of supervised release in this action on April 17, 2015, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on December 19, 2014.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant committed the state and local offenses of driving under the influence and controlled substance violations inasmuch as on August 9, 2015, he was arrested and charged with driving under the influence and found to be in possession of methamphetamine, heroin and a methamphetamine pipe, as evidenced by his admission on the record of the hearing that the government possesses sufficient proof to prove the violations by a preponderance of the evidence; (2) the defendant failed to report to the probation office as directed on August 3 and 7, 2015, and failed to submit monthly reports for August and September 2015, as evidenced by the defendant's admission on the record of the hearing; (3) the defendant failed to notify the probation officer of his change in residence inasmuch as on August 31, 2015, the probation officer attempted to make contact with the defendant at his last known residence at which time the current resident indicated that the defendant had moved out on August 5, 2015, which change was not reported to the probation officer

rendering the defendant's whereabouts unknown, as evidenced by the defendant's admission on the record of the hearing; and (4) the defendant failed to notify the probation officer within 72 hours of his arrest on August 9, 2015, as evidenced by the defendant's admission on the record of the hearing; all as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of

**SIX (6) MONTHS, to be followed by a term of twenty-seven (27) months of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special condition that he spend a period of six (6) months in a community confinement center where he shall abide by the rules and regulations of the facility and participate in drug abuse counseling and treatment, or, alternatively, spend a period of six (6) months in a residential drug abuse treatment program such as Laurelwood if that program is deemed by the probation officer to be sufficiently strict with respect to the defendant's accountability.  Once released, the defendant shall continue to participate in drug abuse counseling and treatment as directed by the probation officer.**

**The defendant was remanded to the custody of the United States Marshal.**

**The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.**

DATED: November 19, 2015

_____
John T. Copenhaver, Jr.
United States District Judge